UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANDREW NESTON,

    Petitioner,

-vs-                                      Case No.   6:09-cv-1746-Orl-22DAB
                                  (Criminal Case No.:   6:07-cr-186-Orl-22DAB)

UNITED STATES OF AMERICA,

    Respondent.
_____/

**<u>ORDER</u>**

    This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) filed by Andrew Neston.  The Government filed a response (Doc. No. 5) to the section 2255 motion in compliance with this Court's instructions and with *The Rules Governing Section 2255 Cases in the United States District Courts*.   Petitioner filed replies to the response (Doc. Nos. 10, 11, and 15).

    Petitioner alleges nine claims for relief in his motion:   first, trial counsel was ineffective for failing to advise Petitioner of the benefits of entering a "straight up plea of guilty"; second, trial counsel was ineffective for failing to move to suppress evidence; third, trial counsel was ineffective for failing to adequately investigate Petitioner's case prior to sentencing; fourth, trial counsel was ineffective for failing to move for a downward departure at sentencing; fifth, appellate counsel failed to present the

"strongest issues" on direct appeal; sixth, trial counsel labored under a conflict of interest; seventh, Petitioner was prejudiced by the "cumulative impact" of counsel's errors; eighth, at sentencing, the Court was unaware of the applicability of certain Untied States Supreme Court cases; and ninth, his conviction and sentence were entered in violation of his constitutional rights.

## I.     *Procedural History*

Petitioner was charged by indictment with one count of knowingly receiving and distributing material containing images of child pornography (count one) and one count of knowingly possessing material containing images of child pornography (count two) (Criminal Case No. 6:07-cr-186-Orl-22DAB, Doc. No. 10, filed October 24, 2007).[1] Petitioner subsequently entered into a plea agreement in which, among other matters, he agreed to enter a plea of guilty to count one of the indictment (Criminal Case Doc. No. 41, filed January 18, 2008). The Government agreed to dismiss count two at the time of sentencing. The Court held a hearing on the plea and ultimately accepted it.

On January 29, 2007, the Court entered a Judgment In A Criminal Case, adjudicating Petitioner guilty of receipt and distribution of child pornography and sentenced him to imprisonment for a total term of 240 months (Criminal Case Doc. No. 50). The Eleventh Circuit Court of Appeals affirmed the conviction and sentence (Criminal Case Doc. No. 69).

---

[1]Hereinafter Criminal Case No. 6:07-cr-186-Orl-22DAB will be referred to as "Criminal Case."

## II. Legal Standards

### A. Standard for Ineffective Assistance of Counsel

In *Hill v. Lockhart,* 474 U.S. 52, 58 (1985), the Supreme Court held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." The Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the *Strickland* test requires that the defendant demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The second prong of the *Strickland* test requires the defendant to show that the deficient performance prejudiced the defense. *Id*. at 687.[2] A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. *Id.* at 689-90.

## III. Analysis

### A. Claim One

---

[2] In order to satisfy the prejudice requirement of the two-prong test forth in *Strickland*, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59 (footnote omitted).

Petitioner argues that trial counsel was ineffective for failing to advise him of the benefits of entering a "straight up plea of guilty." The Government argues that, as a result of the terms of the plea agreement, Petitioner has waived the right to appeal his sentence, directly or collaterally, and, therefore, the claims raised in his section 2255 motion should be denied.

In *Williams v. United States*, 396 F.3d 1340 (11th Cir. 2005), the Eleventh Circuit Court of Appeals determined that a valid sentence-appeal waiver, entered into voluntarily and knowingly pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing. *Id*. at 1342. However, an appeal waiver does not bar a section 2255 claims that the defendant's plea or the appeal waiver itself was invalid due to ineffective assistance of counsel. *See Patel v. United States*, 252 F. App'x 970, 974-75 (11th Cir. 2007) (a valid sentence-appeal waiver does not bar a claim that the plea was invalid due to ineffective assistance of counsel). Since claim one challenges the validity of the plea, it is not barred by the appeal waiver.

Nevertheless, the Court finds that Petitioner's claim is without merit. While under oath at the plea hearing, Petitioner stated that the guilty plea was not the result of any threats, coercion, or improper pressure; that he understood the consequences of pleading guilty, and that he was entering into his plea freely and voluntarily. (Transcript of Change of Plea Hearing at 6-16.) The Court found Petitioner competent to make a guilty plea. *Id*. at 6. Furthermore, Petitioner stated that he was satisfied

with counsel's services.  *Id*.  These statements under oath combined with the Court's finding demonstrate that Petitioner entered into his plea freely and voluntarily.

Petitioner fails to articulate any possible benefit that he could have, but did not receive, had he entered his plea "straight up" and without a written plea agreement in this case.  In fact, as a result of the plea agreement, the Government agreed to dismiss count two of the indictment, to recommend at sentencing a two-level reduction for acceptance of responsibility, and to move for a one-level reduction at sentencing because Petitioner assisted authorities in the investigation of the offense by providing timely notification of his intent to plead guilty.

Petitioner appears to suggest that he would have received a lighter sentence if he would have pleaded guilty without a signed plea agreement. However, Petitioner has failed to demonstrate how he would have received a lighter sentence, particularly when he received a three-level reduction as a result of entering into the plea agreement. Petitioner simply fails to show that his potential sentence would have been different, and more advantageous, with an open plea than under the signed plea agreement.  In fact, the Court noted at sentencing that the Government gave Petitioner a "bargain . . . on his sentence by letting him plead to one count.  [Otherwise], [t]he Court would have considered because of the fact that there are over 6500 images of child abuse . . . an upward departure from the guidelines[, which] . . . would have exceeded statutory maximum . . . ."  (Transcript of Sentencing at 46.)   Clearly, there is no indication from

the record that Petitioner would have received a lighter sentence in the absence of the plea agreement.

Consequently, it follows that Petitioner fails to demonstrate that his counsel was deficient for failing to recommend that Petitioner enter a plea without a written plea agreement or that he was actually prejudiced as a result. The advice of Petitioner's counsel to enter into a plea agreement was a valid strategic choice, and he has failed to establish that he was prejudiced by counsel's alleged failure to inform him of his option to enter an open, unrestricted, plea. Consequently, he fails to establish a valid ineffective assistance of counsel claim on this issue, and this claim is denied.

B.   *Claims Two, Three, and Four*

Petitioner argues that trial counsel was ineffective for failing to move to suppress evidence (claim two), to adequately investigate Petitioner's case prior to sentencing (claim three), and to move for a downward departure at sentencing (claim four).

In the present case, Petitioner entered into a written plea agreement with the Government (Criminal Case Doc. No. 41). Pursuant to the agreement, Petitioner agreed:

> that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal [his] sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds [his] applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth

> Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then [Petitioner] is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

*Id*. at 9-10 (emphasis in original). During his change of plea hearing, Petitioner acknowledged he was waiving his "right to appeal or contest [his] sentence directly or collaterally on any ground except those that are specifically mentioned . . . [in the plea agreement]." (Transcript of Change of Plea at 11.)

In the instant case, this Court concludes that the plea agreement and the waiver were knowing and voluntary. The Court in this case conducted a thorough and comprehensive plea colloquy.[3] As set forth above, the Court addressed the appeal/collateral waiver during the change of plea hearing, and a review of the record reveals that Petitioner also understood the full significance of his waiver of collateral relief. *See United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001) ("To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver."); *United States v. Bushert*, 997 F.2d 1343, 1352 (11th Cir. 1993) ("[F]or a sentence appeal waiver to be knowing and voluntary, the district court must

---

[3]As noted previously, Petitioner stated under oath that he was not threatened or coerced to plead guilty. (Transcript of Change of Plea at 6.) Petitioner further stated that he had read the plea agreement, that he had discussed it with his attorney, and that he understood the plea agreement. *Id*. at 7-8.

7

have engaged the defendant about the sentence appeal waiver during the Rule 11 hearing."). Because the plea and the waiver were knowingly, intelligently, and voluntarily entered, the waiver provision in Petitioner's plea agreement precludes this Court from considering claims two, three, and four, and, therefore, they are denied.

C.  *Claim Five*

Petitioner avers that appellate counsel failed to present the "strongest issues" on direct appeal. Petitioner also mentions that "counsel" did not preserve viable issues for collateral review.

It is well established that a defendant has the right to effective counsel on appeal. *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984). The Eleventh Circuit has applied the Supreme Court's test for ineffective assistance at trial to guide its analysis of ineffective assistance of appellate counsel claims. *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991).

Here, the record reflects that Petitioner's appellate counsel raised one issue on direct appeal, and he submitted an initial brief which was comprehensive, thorough, and well-argued. Certainly, the record clearly evinces the thoroughness and reasonableness of appellate counsel's work. *Cf. Thomas v. Scully*, 854 F. Supp. 944 (E.D.N.Y. 1994) (the appellate brief submitted by counsel clearly showed the thoroughness of counsel's work). Appellate counsel need not raise issues that he (or she) reasonably concludes will not be considered on the merits by the appellate court. *Francois v. Wainwright*, 741 F.2d 1275, 1285 (11th Cir. 1984). Likewise, appellate counsel

need not brief issues reasonably considered to be without merit. *Alvord*, 725 F.2d at 1291. Petitioner has not shown that appellate counsel acted deficiently or that he sustained prejudice.

The Court also rejects Petitioner's argument that counsel was ineffective for failing to preserve viable issues for collateral review. Since the basis for most section 2255 motions is ineffective assistance of trial counsel, it would be illogical for trial counsel "to preserve" ineffective assistance of counsel claims for collateral review.

D.   *Claim Six*

Petitioner asserts that trial counsel labored under a conflict of interest. However, Petitioner does not describe the conflict of interest, and his allegations are too vague and conclusory to support relief under section 2255. Consequently, this claim is denied.

E.   *Claim Seven*

Petitioner contends that Petitioner was prejudiced by the "cumulative impact" of counsel's errors. Petitioner has not shown that there was a cumulative impact of errors on the part of trial counsel which would entitle him to relief under section 2255. Moreover, as to those claims of ineffective assistance of counsel that were not related to the plea or the appeal-waiver, Petitioner has waived those claims.

F.   *Claim Eight*

Petitioner states that this Court lacked knowledge of the available range of sentencing discretion resulting from changes in the law which have occurred as a result

of *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000), *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005). However, Petitioner provides no specific facts in support of this vague and conclusory allegation. *See United States v. Robertson,* 2008 WL 4966207, at *1 (E.D. Cal. November 20, 2008) (a petitioner under section 2255 must state his or her claims with specificity). In fact, the record belies his assertion. For example, Petitioner's Presentence Investigation Report states that "[i]n accordance with *United States v. Booker* and *Fanfan* , the Court must consider the advice of, but is not bound by, the federal sentencing guidelines." (Presentence Investigation Report at 2.) Accordingly, this claim is without merit and provides no basis for relief under section 2255.

G.  Claim Nine

Petitioner asserts that his conviction and sentence were entered in violation of his constitutional rights. Again, Petitioner provides no specific facts in support of this vague and conclusory allegation. Hence, it is denied because Petitioner has not shown any basis for relief under section 2255.[4]

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Andrew Neston is **DENIED**.

---

[4]It also appears that claims eight and nine are procedurally bared since they should have been raised on direct appeal. Petitioner has not shown cause or prejudice with regard to his failure to raise the claims on direct appeal.

2. This case is **DISMISSED** with prejudice.

3. The Clerk of the Court shall enter judgment accordingly and is directed to close this case. A copy of this Order and the judgment shall also be filed in criminal case number 6:07-cr-186-Orl-22DAB.

4. The Clerk of the Court is directed to terminate the § 2255 motion (Criminal Case Doc. No. 70) filed in criminal case number 6:07-cr-186-Orl-22DAB.

5. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[5] Accordingly, a Certificate of Appealability is **DENIED** in this case.

---

[5] Pursuant to Rule 11 of the *Rules Governing Section 2255 Proceedings for the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

**DONE AND ORDERED** at Orlando, Florida, this 29th day of December, 2010.

*[signature]*
ANNE C. CONWAY
United States District Judge

Copies to:
sa 12/29
Andrew Neston
Counsel of Record